# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL VEYTSEL, | * |
| | *    No. 22-544v |
|              Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | * |
| | *    Filed: December 13, 2022 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *    Decision dismissing case; |
| | *    order to show cause. |
|              Respondent. | * |

* * * * * * * * * * * * * * * * * * *

<u>Michel Veytsel</u>, *pro se*, Ridgewood, NJ, for petitioner;
<u>Heather Lynn Pearlman</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Mr. Michael Veytsel sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34. Mr. Veytsel, however, has not presented sufficient evidence to be entitled to compensation. Because Mr. Veytsel has not met his burden of proof, his case is DISMISSED.

## I.    Procedural History

Representing himself, Mr. Michael Veytsel, alleged a measles mump rubella ("MMR") vaccine he received on January 13, 1988 caused him to develop autism spectrum disorder, Asperger syndrome, and attention hyperactivity disorder. Pet.,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. The posting of this decision will make it available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

at 1.  Mr. Veytsel claims to have been diagnosed with these conditions on September 18, 2018.  Id.

Upon receipt of the petition, Mr. Veytsel was initially ordered to file his medical records by July 25, 2022, beginning from three years before his vaccination until the present day.  Order, issued May 24, 2022.

Mr. Veytsel then contacted chambers to inform the undersigned that he "did not plan to file records beyond what he ha[d] [already] filed."  See Order, issued June 7, 2022.  A second order was then issued, again ordering Mr. Veytsel to file his medical records by the July 25, 2022 deadline.  Order, issued June 7, 2022.  Mr. Veytsel was informed that his failure to file the requested medical records would "likely result in the dismissal of his case."  Id.

On the day of the July 25, 2022 deadline, Mr. Veytsel did not file the ordered medical records nor a motion for enlargement of time.

Almost one and a half months later, the undersigned issued a third order, requiring Mr. Veytsel to file either the previously ordered medical records, or a motion for an enlargement of time by October 7, 2022.  Order, issued Sept. 7, 2022.

During the week of September 30, 2022, Mr. Veytsel contacted the undersigned's chambers again and reiterated he did not have any additional medical records to file.  Order, filed Sept. 30, 2022.  Upon receipt of this information, the undersigned ordered Mr. Veytsel to show cause by November 28, 2022 as to why his case should not be dismissed.

On November 18, 2022, Mr. Veytsel submitted a filing averring that he had "expertise in [his] experience, and expertise in what is self evident."  Pet'r's Response, filed Nov. 14, 2022.  However, Mr. Veytsel did not file the requested medical records nor explain how his experience qualifies him to be an expert.

## II.     Analysis

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must submit medical records.  42 U.S.C. § 300aa–11(c)(2); Vaccine Rule (2)(c)(2)(A).  By convention, special masters ordinarily expect that a petitioner will present medical records that start three years before the vaccination.  Guidelines § II(3)(B)(1).

The medical records are an essential part of a petitioner's evidence. Medical records can be used to substantiate petitioner's claim. 42 U.S.C. § 300aa–13(a). When a petitioner fails to present medical records, a special master may dismiss the case for failure to prosecute. Byrd v. Sec'y of Health & Hum. Servs., 142 Fed. Cl. 79 (20119), aff'd No. 2019-1729, 778 Fed. Appx. 924 (Fed. Cir. July 10, 2019). When a petitioner (or plaintiff) fails to respond to orders, a special master may dismiss the case. See Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(b).

In this case, Mr. Veytsel failed to file any medical records to support his claim.[2] Mr. Veytsel was ordered on several occasions to file medical records to support his claim that the MMR vaccine caused him to develop autism spectrum disorder, Asperger syndrome, and attention hyperactivity disorder but failed to do so. Order, issued May 24, 2022; Order, issued June 6, 2022; Order, issued Sept. 7, 2022. When Mr. Veytsel was ordered on September 30, 2022 to respond by November 28, 2022 to show cause as to why his case should not be dismissed, he failed to satisfy this requirement. See Order, issued Sept. 30, 2022; Pet'r's Response, filed Nov. 14, 2022. Moreover, Mr. Veystel's communications indicate that he does not intend to submit medical records.

Consequently, Mr. Veytsel's case is dismissed for failure to present evidence (medical records), not as a sanction. See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Had Mr. Veytsel filed the requested medical records, one might have been able to determine whether Mr. Veytsel had complied with the statute of limitations in the Vaccine Program. However, this decision does not rule of the issue of statute of limitations because of the lack of sufficient factual evidence.